FILED

JUL 27 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Robert M. Linn (Cal. State Bar # 190387)
COHEN & GRIGSBY, P.C.
625 Liberty Avenue
Pittsburgh, PA 15222-3152
Phone: (412) 297-4900
Fax: (412) 209-0672
rlinn@cohenlaw.com

Attorneys for Plaintiff,
PPG INDUSTRIES INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CV 16 80160 MISC.

| | |
|---|---|
| **PPG INDUSTRIES, INC., a Pennsylvania corporation,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JIANGSU TIE MAO GLASS CO., LTD., a Chinese company; BENHUA WU, an individual; and MEI ZHANG, an individual.**<br><br>**Defendants.** | Case No. ________________ HRL<br><br>**PPG INDUSTRIES, INC.'S NOTICE OF MOTION AND MOTION TO ENFORCE ITS SUBPOENA FOR PRODUCTION OF DOCUMENTS SERVED ON GOOGLE, INC.**<br><br>FILE BY FAX |

**PLEASE TAKE NOTICE** that PPG Industries, Inc., by and through its attorneys, Cohen & Grigsby, P.C., will seek a hearing date to present its Motion to Enforce Its Subpoena for Production of Documents Served on Google, Inc. ("Google") upon the assignment of this Miscellaneous Action.

PPG Industries, Inc. ("PPG") files this Motion seeking an order requiring Google to comply with an October 23, 2015 Subpoena to Produce Documents, Information, or Objects that seeks the production of email communications received or sent to former PPG employee Thomas Rukavina (now deceased) between January 1, 2012 through the present, stating as follows:

1. In May 2015, the United States arrested and charged Mr. Rukavina with theft of trade secrets, pursuant to 18 U.S.C. § 1832, for his purported involvement in the unlawful acquisition and misappropriation of PPG's confidential and proprietary technologies. After his detention hearing later that month, Mr. Rukavina died.

2. On July 24, 2015, PPG sued Defendants in the United States District Court for the Western District of Pennsylvania, No. 2-15-cv-00965-MRH, for, among other things, the unlawful theft, disclosure and use of PPG's trade secrets by Defendants and Mr. Rukavina.

3. On September 22, 2015, PPG moved for an order permitting limited pre-answer discovery by serving document subpoenas upon the FBI and other non-parties to ascertain the nature and scope of Mr. Rukavina's wrongful access, retention and disclosure of and trafficking in PPG's trade secrets as well as the issue of to whom Mr. Rukavina may have wrongfully disclosed PPG's trade secrets.

4. Plaintiff served a Subpoena on Google—which is headquartered in this judicial district—to Produce Documents, Information, or Objects ("Subpoena") seeking emails received or sent to Mr. Rukavina's email address tgrukavina48@gmail.com, from January 1, 2012 through the present.

5. Google failed to produce all responsive documents and objected to the Subpoena, asserting that the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510 to 2711, prohibits it from disclosing the information.

6. Although the ECPA generally prohibits the voluntarily disclosure of electronic communications, it has exceptions, permitting the production of communications "with the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service." *See* 18 U.S.C. § 2702(b)(3).

7. Mr. Rukavina's brother, owner of Mr. Rukavina's digital assets and executor of Mr. Rukavina's Estate, provided written lawful written consent, pursuant to 18 U.S.C. § 2702(b)(3), to the production of all materials sought by the Subpoena, and waived any objections that could be asserted against any non-parties' production of the same.

8. Despite this, Google refuses to acknowledge that the consent is lawful and produce the required content information.

9. Access to Mr. Rukavina's emails is required for PPG to prosecute its claims and protect itself from further unlawful disclosure and use of its confidential and proprietary information.

10. Accordingly, PPG respectfully requests that the Court grant PPG's motion, overrule Google's objections and compel Google to comply with the Subpoena.

WHEREFORE, for the reasons set forth above and in the brief in support of this Motion, PPG respectfully requests that this Court grant PPG's motion and enter an order overruling Google's objections and requiring Google to produce all email communications received and/or sent to Mr. Rukavina's email address at trukavina48@gmail.com, between January 1, 2012 through the present.

Respectfully submitted,

By: ______________________________

COHEN & GRIGSBY, P.C.
Robert M. Linn (Cal. State Bar # 190387)
625 Liberty Avenue
Pittsburgh, PA 15222-3152
(412) 297-4900

Attorneys for Plaintiff, PPG Industries, Inc.

Dated: July 27, 2016
2316759.v1