UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PPG INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JIANGSU TIE MAO GLASS CO., LTD, et al., <br><br> Defendants. | Case No. 5:16-mc-80160-HRL <br> Case No. 5:16-mc-80161-HRL <br><br> **ORDER RE MOTIONS TO TRANSFER DISCOVERY DISPUTES** <br><br> Re: Dkt. No. 1 |

PPG Industries, Inc. (PPG) filed suit in the U.S. District Court for the Western District of Pennsylvania for alleged unlawful theft, disclosure, and use of its trade secrets. According to PPG, Thomas Rukavina (a former PPG employee) conspired with the defendants to steal and exploit PPG's proprietary information and research and development technologies. Rukavina was arrested and charged with criminal theft of trade secrets, but died shortly afterward. This court is told that Rukavina left everything to his brother, Robert Rukavina, who is also the executor of Rukavina's estate.

PPG subsequently initiated its civil trade secrets lawsuit in the Western District of Pennsylvania. PPG released Rukavina's estate in exchange for an affidavit signed by Robert. In that affidavit, Robert Rukavina consents to the production of information relevant to PPG's suit, including electronically stored information pursuant to 18 U.S.C. § 2702(b)(3) and any equivalent

federal or state statute or regulation.

PPG obtained leave from the District Court in Pennsylvania to conduct early discovery and served several subpoenas in various districts across the country seeking disclosure of the contents of emails to and from Thomas Rukavina from January 1, 2012 to the present. The subpoenaed entities before this court include Google, Inc. (Google) and Yahoo!, Inc. (Yahoo), both of whom object to the discovery PPG seeks. In sum, Google and Yahoo contend that the Rukavina consent form does not satisfy either Pennsylvania law or their company policies concerning deceased subscribers. And, in any event, it is argued to this court that production is not permitted under the Stored Communications Act, 18 U.S.C. § 2700, et seq.

PPG initiated the instant miscellaneous actions to enforce the Google and Yahoo subpoenas, requesting first that these discovery disputes be transferred to the Pennsylvania court for resolution. Google and Yahoo oppose PPG's motions to transfer, as well as the motions to enforce the subpoenas. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motions to transfer and therefore does not address PPG's alternate motions to enforce the subpoenas.[1]

"When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Here, the subject subpoenas were issued by the Pennsylvania court. Neither Google nor Yahoo consent to a transfer. Thus, transfer is appropriate if PPG shows that exceptional circumstances exist. Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. "The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Id. Transfer may be warranted, however, "in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Id. "Transfer is appropriate only if such interests outweigh the

---

[1] PPG's alternate motions to enforce will be terminated from this court's docket.

2

interests of the non-party served with the subpoena in obtaining local resolution of the motion."
Id.

Putting aside the parties' arguments as to what may or may not be suitable or acceptable under Pennsylvania law, there is the issue of the adequacy of the Rukavina consent under federal law. On that point, either court is competent to decide that matter. However, weighing heavily, in this court's calculus, in favor of transfer is the issuing court's management of the underlying litigation. This court is told that Judge Hornak (the judge presiding over the underlying Pennsylvania action) has asked that all motions challenging subpoenas issued by PPG be transferred to him. And, indeed, this court is further informed that a district judge in Washington state has done just that with respect to a subpoena dispute with Microsoft. This court has not been told whether Judge Hornak has ruled on the Microsoft dispute, but that matter indisputably is or was pending before him. See Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co., 301 F.R.D. 426, 429 (N.D. Cal. 2014) ("When the issuing court has already ruled on issued presented by a subpoena-related motion, exceptional circumstances exist and the court of compliance may transfer the motion to the issuing court."); see also Costco Wholesale Corp. v. Crane, No. 16-mc-80189-JSC, 2016 WL 5394115, at *2 (N.D. Cal., Sept. 27, 2016) ("The Court finds that exceptional circumstances exist because the issues raised by Costco's motion to compel either have been ruled on by or are currently pending before [the issuing court]."). And, notwithstanding the administrative closure of the Pennsylvania case (apparently temporarily closed while issues re service of process are sorted out), PPG says it regularly reports to Judge Hornak (pursuant to his orders) about the status of service issues as well as pending subpoena disputes.

Google and Yahoo correctly note that discovery disputes ordinarily are resolved by the court in the district where compliance is to be made. But this court concludes that avoiding disruption of Judge Hornak's management of the underlying litigation is an exceptional circumstance that outweighs the non-parties' interests in generally what would be the norm and that transfer will not result in unfair prejudice or undue burdens. It is not apparent that transfer of these disputes to Pennsylvania will require any substantive modifications to the written submissions. Moon Mountain Farms, LLC, 301 F.R.D. at 430. "Additionally, the Advisory

3

Committee encourages judges to 'permit telecommunications' to minimize travel costs after a Rule 45(f) transfer." Id. (quoting Fed. R. Civ. P. 45 advisory committee's note).

Based on the foregoing, this court grants PPG's motions to transfer the present discovery disputes with Google and Yahoo to the Western District of Pennsylvania.

SO ORDERED.

Dated: April 12, 2017

HOWARD R. LLOYD
United States Magistrate Judge

5:16-mc-80160-HRL Notice has been electronically mailed to:

Robert Mark Linn     rlinn@cohenlaw.com, efilings@cohenlaw.com, kballato@cohenlaw.com

Sunita Bali     sbali@perkinscoie.com, docketsflit@perkinscoie.com, ldecosta@perkinscoie.com

5:16-mc-80161-HRL Notice has been electronically mailed to:

Jui-Ting Anna Hsia     anna@zwillgen.com, maria@zwillgen.com

Robert Mark Linn     rlinn@cohenlaw.com, efilings@cohenlaw.com, kballato@cohenlaw.com